UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL ALFORD, | ) | Case No.: 1:12 CV 2931 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| BARRY GOODRICH, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On November 28, 2012, Petitioner Darryl Alford ("Alford" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for failure to comply with an order or signal of a police officer and felonious assault with one-year firearm specifications and body armor specifications. On February 28, Respondent Barry Goodrich filed a Return of Writ (ECF No. 7). Petitioner filed a Traverse on March 22, 2013 (ECF No. 8). For the following reasons, the court adopts as its own the Magistrate Judge's Report and Recommendation, and dismisses Alford's Petition as time-barred.

Alford was sentenced to an aggregate prison term of twelve years on the above charges. He filed a direct appeal on November 14, 2005, which was dismissed on March 30, 2006, for failure to file the record. In the interim, he filed a second appeal on March 7, 2006, which was also dismissed as untimely. He filed a state habeas petition on September 5, 2008, which was dismissed on procedural grounds. On May 26, 2009, Alford filed a motion to withdraw his guilty plea. The motion was denied on August 24, 2009. On September 11, 2009, Alford filed a Notice of Appeal from the denial of that motion. On September 2, 2010, the state appellate court affirmed Alford's

conviction, but found that the trial court, while advising Alford on the record about post-release controls, did not adequately detail the post-release control advisements in its judgment entry and thus remanded for resentencing. Alford was resentenced on October 15, 2010, to the same aggregate twelve-year term with credit for time served, and with a specific notification regarding post-release controls.

Alford raised four grounds for relief in his Petition. First, he claimed that his motion for delayed appeal and motion to vacate his guilty plea should have been granted by the state court of appeals. Second, he claimed that he was re-sentenced to a completed void sentence by the state trial court judge in violation of the Fourteenth Amendment of the U.S. Constitution and the Double Jeopardy Clause of the Fifth Amendment. Third, he claimed that the trial court judge was biased against him and that there was prosecutorial misconduct in his case. Finally, he claimed that the trial court agreed to rule on a Criminal Rule 55 records violation motion filed by petitioner, but never did, and that this was evidence of the trial court's prejudicial actions against him.

Respondent argues that Petitioner's Motion is time-barred under 28 U.S.C. § 2244(d)(1) as Petitioner did not file his Motion within the one-year statute of limitations. Respondent argues that that Petitioner's conviction became final on May 15, 2006, 45 days after his appeal was dismissed and the time to file an appeal with the Supreme Court of Ohio expired.

This case was referred to Magistrate Judge Greg White for preparation of a report and recommendation. The Magistrate Judge issued his Report and Recommendation ("R&R") on December 6, 2013, recommending that Petitioner's Motion be dismissed as time-barred (ECF No. 10). Petitioner has not filed any Objections to the R&R. In his R&R, the Magistrate Judge found that Petitioner's conviction became final on May 15, 2006, 45 days after his direct appeal was

dismissed by the state appellate court. (R&R at 8, ECF No. 10.) Magistrate Judge White also found that, while "Alford had filed a second appeal on March 7, 2006, that appeal was dismissed on untimeliness grounds and cannot be construed as properly filed." (*Id.* at 8-9.)  As such, the Magistrate Judge found the second appeal did not toll the statute of limitations. (*Id.* at 9.) Thus, his state petition for a writ of habeas corpus, filed on September 5, 2008, was time-barred as the deadline for any post-conviction motion was May 15, 2007. (*Id.*) Magistrate Judge White also noted that even if the second appeal could be construed as properly filed, it would only extend the filing deadline until July 3, 2007. (*Id.* at 9, n. 4.)

Magistrate Judge White also addressed Petitioner's argument that his original sentence was void as it was not proper under state law, and therefore that the date of his resentencing is the operative date from which the statute of limitations must be calculated. (*Id.* at 9-10.) The Magistrate Judge noted that the Sixth Circuit had only recently confirmed in *Mackey v. Warden, Leb. Corr. Inst.*, 525 Fed. Appx. 357, 361 (6th Cir. 2013), the rule that a void sentence does not necessarily mean that the habeas clock has simply never started. (*Id.* at 10-11.)  Magistrate Judge White then found that for a petitioner who was resentenced due to a technical error (as he was not given proper notice of post-release controls), *Mackey* specifically held that the resentencing did not restart the habeas clock. (*Id.* at 13-14.)

The Magistrate Judge also found that Petitioner had not made any arguments in support of equitable tolling. (*Id.* at 14.)  Finally, the Magistrate Judge found that Petitioner's actual innocence argument was not supported by any new reliable evidence, and therefore that the court could not equitably toll the limitations period on this basis. (*Id.* at 15.)  Therefore, the Magistrate Judge recommended that this petition be dismissed as time-barred. (*Id.* at 16.)

After carefully reviewing the Report and Recommendation and all other relevant materials in the record, the court finds that the Magistrate Judge's conclusions are fully supported by the record and the controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 10).

Consequently, Alford's Petition is hereby denied, and final judgment is entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 31, 2014